TavxoR, Chief-Justice,
 

 after stating the case, said, that the Defendant contends that the deed, winch contains a receipt and a release, cannot be contradicted by parol evidence. The manifest justice of the claim, and the uncon-scicntious nature of the defence, lias made me desirous to ascertain some solid ground of law on which the former can be supported; but I cannot discover how it is to be done, without breaking in upon the rule, that you cannot by parol contradict a deed.
 

 Two cases have been cited where such evidence has been admitted j but they do not quite come up to this, nor are the reasons lor the decision satisfactory, ft is truly said, that the end of inserting a consideration in a deed is to raise an use, and that the slightest consideration of value is sufficient for that purpose. Still it is not necessary* for the sanio end, that a release should be inserted, nor is it, strictly speaking, consistent with the form of-a bargain and sale, i may go further, and say, that the use will arise without an acknowledgment of the receipt of the
 
 consideration;
 
 as if a man bargain and sell his land in consideration of so much money, to be paid at a day to come.
 
 *
 
 if it be contended, that, although you cannot contradict the consideration so far as it is necessary to the efficacy of the conveyance, yet, for any other purpose, it may be done, it ought first to be shewn, that the only in-dispensible form of stating the consideration is adopted hi this deed.. The deed may still be. effectual with other modes of stating the consideration, Ly which, if it be not paid at the time, the seller’s right to it may be secured and enforced. It might subserve the justice of this case to allow the Plaintiff to recover in the face of his deed, but the precedent would be fraught with mischief to the community. The effect of adhering to the rule of law
 
 *67
 
 will only be to make men cautions in executing deeds: but, if it be understood that a solemn acknowledgment under seal is insufficient to prove the payment of money, it is to be apprehended that many perjuries will arise. To the cases cited at the bar, I will add one from 5
 
 Mass. Rep. 67,
 
 where a deed of tenant in tail purported to be made for good and valuable consideral ion, but in order to get the judgment of the Court on its effect, the parties agreed, in a case stated, that no consideration was paid. Chief-Justice
 
 Parsons
 
 observed, that if the parties bad not expressly agreed that there was no valuable consideration, it would have been difficult to get over the express an cements of the deed. There is also a case to the same effect; in 1
 
 Campb. Rep.
 
 392. So the judgment must be reversed, and a new trial granted.
 

 The Court was unanimous, and the judgement was reversed.
 

 *
 

 Dyer,
 
 337,
 
 a.