The various dealings had taken place between the plaintiff and defendant's testator, and that in the settlement of the same an error against plaintiff was committed to the amount of $3,071.88, of which notice was given to the testator, and he promised to correct the same.
The plaintiff offered in evidence a paper purporting to be "a list of bonds paid by William Amis to Henry Smith for the Mush Island plantation." These bonds were added up on the list and amounted, according to such addition, to $38,000; and the paper contained these words:
I guarantee the above list of bonds to Mr. Henry Smith, provided he does not indulge longer than six months; and he is fully authorized to institute suits on them for his benefit. WILLIAM AMIS, Test: SHIRLEY TISDALE. By JOHN D. AMIS.
Tisdale, who appeared to be the witness to the list of bonds, was introduced by the plaintiff, and stated that the list of bonds purchased was made by him; that the bonds actually passed from Amis to Smith; that he first made a rough calculation, and then copied the names and figures on the list produced. Some days afterwards Amis told the witness that Smith had made known to him there was a mistake, and had applied to *Page 265 
him to rectify it; that he had not done so, and that he and Smith differed in the sums, and Amis requested the witness to find the rough sketch; the witness did so, and told Amis there was an error in the addition, to which Amis replied that he was always willing to rectify mistakes. The testimony of Tisdale to show any mistake was objected to.
Another witness on the part of the plaintiff, one Deberry, (471) proved that in a conversation between Amis and Smith, relative to the mistake, Amis said that everything on his part should be righted; Amis afterwards told the witness that he had been informed by Tisdale there was an error, and that he, Amis, would do on his part all that was right.
The defendant relied on his deed, executed by plaintiff, conveying to him Mush Island, and containing these words: "In consideration of $40,000 to him in hand paid by the said William Amis at and before the sealing and delivery of these presents, the receipt whereof the said Henry Smith doth hereby acknowledge," and contended that there was no consideration for a promise, express or implied; that the deed was a release, and extinguished plaintiff's claim.
The jury was instructed that a receipt and acknowledgment under seal of the purchase money for a tract of land was conclusive evidence against a claim for the price of the land; but in the present case, if the jury believed there was a mistake in the settlement between the plaintiff and defendant's testator in the transfer of the above notes, of which Amis had notice, and if there was also an express promise to pay, then, notwithstanding the receipt contained in the deed offered in evidence by the defendant, the plaintiff might recover; and it was left to the jury to say whether there was any mistake, and notice thereof to Amis, and whether there was an express promise.
There was a verdict for plaintiff, a new trial was moved for and refused, and from the judgment rendered defendant appealed.
In this case the contract was that notes to a certain (472) amount should be delivered to the plaintiff at the time the deed was executed. No credit was given, and both parties believed that the contract was executed. When the plaintiff discovered that there had been a mistake made in the calculation of the notes, he made it known to the defendant's intestate; he agreed to rectify it; his failure to do so is the foundation of this action. It is objected that the plaintiff shall not be heard to prove a mistake in that respect, because the deed sets forth that the consideration had been received, and Brocket v. *Page 266 Foscue, 8 N.C. 64, is relied upon. In that case a receipt in the deed for the consideration money was given, when it was known to the parties that the money was not paid. That is not this case. It was believed that notes to a certain amount were delivered. Suppose, according toHargrove v. Dusenbury, 9 N.C. 326, bank notes had been given instead of notes on individuals, and some or all of them had been discovered to be counterfeit; I think a receipt given for them would not stand in the way of recovery. It would not be denied but that the note had been received in payment, and a receipt given, as both parties intended; but the goodness or badness of the notes would be the question. So it is when fraud or accident respecting the thing delivered appears to have happened: it may be examined; so may a mistake as to the quantum of the (473) thing delivered, whether it happened through accident or design. In all these cases there can be no mistake about the truth of the receipt; it is admitted, and the thing it expresses was intended to be done; but it is an accident or a fraud dehors the receipt that is examinable. In action for a deceit, a bill of sale given for property is no objection; the delivery is not disputed, as the bill of sale sets it forth. But the question relates to the quality of the thing delivered. In this case the question does not relate to the quality, but to the quantity, of the thing delivered. The transition from the one to the other is natural, and, I think, founded in reason. Let the rule be discharged.